16829

STATE v. OWENS

(80 S. E. (2d) 113)

534

John M. Schofield, Esq., of Walhalla, for Appellant,

Messrs. Rufus Fant, Solicitor, and Robert L. Ballentine, of Anderson, for Respondent.

February 1, 1954.

STUKES, Justice.

Appellant, a chain gang guard, was convicted of assault and battery with intent to kill and murder for the shotgun shooting of a prisoner. Immediately upon publication in the usual manner of the guilty verdict, appellant moved for a new trial upon the single ground that the evidence was insufficient to sustain the verdict. On the following day the motion was argued by counsel and denied by the trial judge who thereupon sentenced appellant to a term of eighteen months. This transpired at the March, 1953, term of the

court. During the following June the matter was before the trial judge for settlement of the case on appeal and then, for the first time, appellant raised the points that the jury was not polled and that they had been dismissed before the verdict was entered of record or directed to be entered.

Appellant abandoned on appeal an exception relating to the fact that the jury was not polled but insists upon another which questions the dismissal of the jury before entry of record of the verdict, for which he cites only the case of *State v. Bilton,* 156 S. C. 324, 153 S. E. 269. But that interesting authority on *autrefois acquit* and former jeopardy is of no application to the facts of this case. The present record for appeal contains no hint of irregularity in the rendition, reception and publication of the verdict or subsequent proceedings, and the presumption of regularity thereabout is not rebutted. The exception must be overruled.

The convict was badly wounded in his back and legs by the load of buckshot and he testified in some detail concerning his injuries and the medical and surgical treatment of them. Appellant argues in effect that only medical evidence thereabout should have been admitted and, since none of the doctors testified, appellant was prejudiced by admission of the testimony of the victim. There is no merit in the position. The nature and extent of the injuries were relevant upon the degree of assault and battery and the jury were instructed upon such with intent to kill and murder and upon assault and battery of a high and aggravated nature. *State v. Jones,* 133 S. C. 167, 130 S. E. 747. Expert testimony would doubtless have been in more detail and therefore more impressive upon the minds of the jurors.

A further ground of appeal, closely allied to the foregoing, is the contention that the prosecuting witness was permitted to testify that four buckshot were removed from his body (one of which was introduced in evidence) and four remained. To this, however, there was no objection. The witness was then allowed, over objection,

to testify that he underwent a surgical operation because of the wounds, and later for the removal of a surgical pin. This testimony was clearly admissible, within the discretion of the court. It was certainly within the knowledge of the witness and not hearsay, which was a ground of appellant's objection. The court had already ruled that, in describing his injuries, the witness should not, quoting from the ruling, "attempt to testify to any technical knowledge of his condition." Moreover, appellant cannot complain of admission of the pin testimony because, without reservation of objection, his counsel cross examined the witness thereabout.

The judgment is affirmed.

BAKER, C. J., TAYLOR and OXNER, JJ., and Moss, Acting Associate Justice, concur.